**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6332**

NATHAN WEBB, a/k/a Nathaniel R. Webb,

                Plaintiff - Appellant,

        v.

LYNNE BRAWN; JAMES F. SMITH; MARK VAN HOUTEN,

                Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:12-ct-03042-BO)

Submitted:  August 27, 2015          Decided:  September 14, 2015

Before MOTZ, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nathan Webb, Appellant Pro Se.  John Thomas Crook, BAILEY & DIXON, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan Webb appeals the district court's judgment granting summary judgment to the Defendants on the basis of qualified immunity and dismissing Webb's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (2012). Webb claimed that the Defendants violated his Fourth Amendment protection against unreasonable search and seizure during a warrantless search of his home. We affirm.

We review the grant of summary judgment de novo. Pender v. Bank of Am. Corp., 788 F.3d 354, 361 (4th Cir. 2015). All facts and reasonable inferences are viewed "in the light most favorable to the non-moving party." Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).

Qualified immunity protects "government officials performing discretionary functions . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

2

known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To be entitled to qualified immunity, a defendant must show either that his conduct did not violate the plaintiff's constitutional rights, or that even if there was a constitutional violation, the right in question was not clearly established at the time that the defendant acted. Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc); Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 306 (4th Cir. 2006). "The burden of proof and persuasion with respect to a defense of qualified immunity rests on the official asserting that defense." Meyers v. Baltimore Cty., 713 F.3d 723, 731 (4th Cir. 2013).

The Fourth Amendment prohibits warrantless home searches in most instances. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Voluntary consent to a search is an exception to the warrant requirement. Id. A warrantless search of a home may be proper if law enforcement receives voluntary consent from "an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects." Georgia v. Randolph, 547 U.S. 103, 106 (2006) (holding that a present co-occupant's refusal to consent to a search prevails over a present co-occupant's consent to the search). Moreover, if consent to the search is given by a person who is present and possesses common authority over the

3

premises, it is valid against the absent, objecting occupant. Fernandez v. California, 134 S. Ct. 1126, 1134-35 (2014).

> Common authority rests on:
>
> mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

U.S. v. Matlock, 415 U.S. 164, 171 n.7.

As the Fourth Amendment guards against unreasonable searches, there is no violation if an officer could reasonably have believed that the consenting party had authority to consent. Illinois v. Rodriguez, 497 U.S. 177, 188-89 (1990). "As long as the facts available to the officer at the moment warrant a person of reasonable caution in the belief that the consenting party had authority, apparent authority to consent exists." United States v. Buckner, 473 F.3d 551, 555 (4th Cir. 2007) (internal quotation marks and alterations omitted).

Upon our review of the record, we conclude that Webb's girlfriend, Heather Upchurch, had actual and apparent authority to consent to the search of the house. She and their infant daughter lived in the house with Webb for six months. Upchurch had as much interest in the house as did Webb. Upchurch kept all of her belongings there. The fact that she believed Webb abused their daughter, as later proven at a criminal trial, and

4

she could no longer stay at the house with Webb, did not result in the surrender of her authority over the house days after an abusive incident. See United States v. Backus, 349 F.3d 1298, 1304 (11th Cir. 2003) (holding wife had authority to consent to search after husband's criminal acts against wife and child forced them to leave); see also United States v. Brannan, 898 F.2d 107, 108 (9th Cir. 1990) (holding co-owner of house retained actual authority to consent to search even though she moved out due to husband's abuse and husband had changed locks). Thus, Upchurch's consent to search the home prevailed over Webb's objections to the search, in light of the fact that she was present at the house and Webb elected to be absent despite requests from law enforcement that he come to the house. Fernandez, 134 S. Ct. at 1135-36.

Even if Upchurch lacked actual authority to consent to the search, she had apparent authority. Under the totality of the circumstances, we conclude, it was reasonable for the Defendants to believe that Upchurch retained authority to consent to the search. Therefore, the district court did not err in ruling that the Defendants were entitled to qualified immunity and granting summary judgment on that basis.

Accordingly, we affirm the district court's judgment. We deny Webb's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are

5

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED